UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. JORGE R. SIERRA, Defendant. | Case No. 4:21-cr-103-DCN-8 <br><br> **MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendant Jorge R. Sierra's Motion Seeking Appointment of Counsel and Compassionate Release (Dkt. 397) and the Government's response (Dkt. 398).[1]

Having reviewed the record and briefs, the Court finds the facts and legal arguments are adequately presented. Accordingly, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).[2] Upon review, and for the reasons set forth below, the Court DENIES Sierra's Motion.

## II. BACKGROUND

On April 14, 2021, a federal grand jury indicted Sierra —along with seven other

---

[1] Sierra did not reply to his motion, and the time to do so has passed.

[2] Although this is a criminal case, the local civil rule regarding hearings applies as there is no corresponding criminal rule. *See* Dist. Idaho Loc. Crim. R. 1.1(f) (explaining that "all general provisions of the Local Rules of Civil Practice apply to criminal proceedings unless such provisions are in conflict with or are otherwise provided for by the Federal Rules of Criminal Procedure or the Local Rules of Criminal Practice").

individuals—with six drug-related felonies. Dkt. 27. The indictment also included a criminal forfeiture allegation under 21 U.S.C. § 853. *Id*.

On March 9, 2022, Sierra was charged via Superseding Information with a single violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 18 U.S.C. § 2 - Possession with Intent to Distribute Controlled Substances. Dkt. 220.

On March 31, 2022, Sierra pled guilty to Count One of the Superseding Information and admitted the forfeiture allegation through a written plea agreement. Dkt. 394. The Court sentenced Sierra to 77 months of incarceration, with 5 years of supervised release. *Id*.

Sierra now brings the instant motion seeking compassionate release. Dkt. 397. At the very least, Sierra wishes to be placed on home confinement. *Id*. He also asks that the Court appoint him Counsel to assist him in this request. *Id.*

### III. LEGAL STANDARD

Sierra seeks compassionate release under the First Step Act ("FSA"), amended 18 U.S.C. § 3582(c)(1)(A), which allows a court to modify a sentence under certain circumstances. In order to grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id*. Next, a district court may grant compassionate release only if "extraordinary and compelling reasons warrant such a reduction," and the reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission.[3] *Id*. If the latter

---

[3] Congress did not define what constitutes "extraordinary and compelling" reasons; instead, it deferred consideration of the matter to the Sentencing Commission. *Rodriguez*, 424 F. Supp. 3d at 681 (citing 18

criteria are met, the district court must then consider the sentencing factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable. *Id*.; *United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019).

## IV. DISCUSSION

Sierra asks that the Court release him so that he can "help with [his] children" and "get to safety as a gang drop-out." Dkt. 397, at 1. Specifically, Sierra asks that the Court release him to home confinement for the remainder of his sentence. *Id*. at 2.

In this case, the Court never reaches the merits of Sierra's motion because he has failed to comply with the applicable mandatory exhaustion requirements. The FSA allows a motion for modification to be made by either the Director of the BOP, or by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

Exhaustion under Section 3582(c) is mandatory. As the Ninth Circuit has made clear, "a district court may not reach the merits of a compassionate release motion if the government has properly objected in the district court to the defendant's failure to exhaust." *United States v. Ransom*, 859 F. App'x 58, 59 (9th Cir. 2021). *See also United States v. Keller*, 2 F.4th 1278, 1282-83 (9th Cir. 2021) (a district court may not overlook a timely

---

U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of Title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.").

exhaustion objection because "§ 3582(c)(1)(A)'s administrative exhaustion requirement is mandatory and must be enforced when properly raised by the government").

There is no evidence in the record to suggest that Sierra exhausted all administrative remedies before requesting relief from the Court. A condition precedent to submitting this motion with the Court was filing a petition with the warden of his correctional institution. Sierra has not submitted any evidence that he filed a petition to the warden. Thus, the Court is unable to grant relief to Sierra until he has complied with the applicable mandatory exhaustion requirements.

Even if Sierra had exhausted all administrative remedies, the court does not have the jurisdiction and authority to release Sierra to home confinement. Under 18 U.S.C. § 3621(b), the Bureau of Prisons has sole authority over the place of imprisonment of convicted individuals, including their eligibility for home release.

Lastly, Sierra requests legal counsel in connection with his Section 3582(c) motion. There is no constitutional right to appointed counsel in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("The right to appointed counsel extends to the first appeal of right, and no further."). Instead, the decision whether to appoint counsel in post-conviction proceedings (including requests for compassionate release) rests with the discretion of the district court. *United States v. Harrington*, 410 F.3d 598, 600 (9th Cir. 2005). In this case, the Court has reviewed the materials and does not find any circumstances warranting the appointment of Counsel. Accordingly, the Court DENIES Sierra's request to appoint counsel.

MEMORANDUM DECISION AND ORDER - 4

## V. ORDER

The Court HEREBY ORDERS:

1. Sierra's Motion Seeking Compassionate Release and Requesting Appointment of Counsel (Dkt. 397) is DENIED.

DATED: May 29, 2024

_____
David C. Nye
Chief U.S. District Court Judge