UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JORGE R. SIERRA,<br><br>Defendant. | Case No. 4:21-cr-00103-DCN-8<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendant Jorge R. Sierra's latest round of motions: a Motion for Sentence Reduction (Dkt. 427), Motion for Compassionate Release (Dkt. 439), and Motion to Appoint Counsel (Dkt. 448).

Having reviewed the record and briefs, the Court finds the facts and legal arguments are adequately presented. Accordingly, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).[1] Upon review, and for the reasons set forth below, the Court DENIES Sierra's Motions.

## II. BACKGROUND

On April 14, 2021, a federal grand jury indicted Sierra for six drug-related felonies. Dkt. 27. On March 9, 2022, Sierra was charged via Superseding Information with a single

---

[1] Although this is a criminal case, the local civil rule regarding hearings applies as there is no corresponding criminal rule. *See* Dist. Idaho Loc. Crim. R. 1.1(f) (explaining that "all general provisions of the Local Rules of Civil Practice apply to criminal proceedings unless such provisions are in conflict with or are otherwise provided for by the Federal Rules of Criminal Procedure or the Local Rules of Criminal Practice").

MEMORANDUM DECISION AND ORDER - 1

violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 18 U.S.C. § 2—Possession with Intent to Distribute Controlled Substances. Dkt. 220.

On March 31, 2022, Sierra pleaded guilty to the Superseding Information. Dkt. 258. The Court subsequently sentenced Sierra to 77 months of incarceration, with 5 years of supervised release to follow. Dkt. 394.

Sierra previously filed various post-sentencing motions, including a Motion for Compassionate Release and to Appoint Counsel (Dkt. 397) and a Motion to Vacate Sentence under 28 U.S.C. §2255 (Dkt. 399). The Court denied the motions. Dkts. 405, 423.

Sierra now brings another Motion to Reduce Sentence alleging the 2025 Amendments to the United States Sentencing Guidelines warrant a reduction in his sentence. Dkt. 427. He also seeks compassionate release based upon his family circumstances and his rehabilitative efforts while incarcerated. Dkt. 439. Finally, Sierra asks the Court to appoint him counsel to assist him in obtaining the transcript from his sentencing hearing. Dkt. 448.

### III. DISCUSSION

**1. Motion to Reduce Sentence (Dkt. 427)**

A sentence reduction under 18 U.S.C. § 3582(c)(2) is authorized only if a defendant was sentenced based on a sentencing range subsequently lowered by the Sentencing Commission, and the reduction is consistent with applicable policy statements. *See* U.S.S.G. § 1B1.10(a)(1). A reduction is not authorized if the amendment does not lower the defendant's applicable guideline range. U.S.S.G. § 1B1.10(a)(2)(B).

The 2025 amendments to the Guidelines, effective November 1, 2025, include

MEMORANDUM DECISION AND ORDER - 2

changes to drug trafficking offenses. These include refinements to the mitigating role cap at § 2D1.1(a)(5) and clarifications encouraging application of mitigating role adjustments under § 3B1.2 for defendants performing low-level trafficking functions.

Sierra appears to be seeking a reduction based upon the mitigating role provisions just discussed and a purported "2-level reduction for drug quantities." Dkt. 427.

At sentencing, Sierra did not receive an adjustment for his role in the offense under § 3B1.2. The 2025 amendments refining the mitigating role cap at § 2D1.1(a)(5) and encouraging § 3B1.2 adjustments only apply to defendants who qualify for and receive a mitigating role adjustment at sentencing. Because Sierra received no such adjustment, and the amendments do not alter base offense levels based on quantity alone, they have no effect on his guideline calculation or sentence. As for Sierra's 2-level reduction argument, no such quantity-based reduction exists in the 2025 amendments.

In sum, the amendments Sierra relies on either (1) do not apply to him, or (2) do not exist. In either event, nothing in the amendments "subsequently lower[ed] the defendant's sentencing range" as required by 18 U.S.C. § 3582(c)(2), and Sierra is, therefore, ineligible for a reduction in sentence on that basis. The Motion is DENIED.

### 2. Motion for Compassionate Release (Dkt. 439)

Sierra seeks compassionate release under the First Step Act ("FSA"), amended 18 U.S.C. § 3582(c)(1)(A), which allows a court to modify a sentence under certain circumstances. To grant compassionate release, a district court must first determine whether a defendant has exhausted his or her administrative remedies. *Id*. Next, a district court may grant compassionate release only if "extraordinary and compelling reasons

MEMORANDUM DECISION AND ORDER - 3

warrant such a reduction," and the reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission.[2] *Id*. If the latter criteria are met, the district court must then consider the sentencing factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable. *Id*.; *United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019).

In this case—as before (*see* Dkt. 405, at 3)—the Court never reaches the merits of Sierra's motion because he has failed to comply with the applicable mandatory exhaustion requirements. The FSA allows a motion for modification to be made by either the Director of the BOP, or by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A).

Exhaustion under Section 3582(c) is mandatory. As the Ninth Circuit has made clear, a district court may not overlook a timely exhaustion objection because "§ 3582(c)(1)(A)'s administrative exhaustion requirement is mandatory and must be enforced when properly raised by the government." *United States v. Keller*, 2 F.4th 1278, 1282-83 (9th Cir. 2021).

There is no evidence in the record to suggest Sierra exhausted his administrative

---

[2] Congress did not define what constitutes "extraordinary and compelling" reasons; instead, it deferred consideration of the matter to the Sentencing Commission. *Rodriguez*, 424 F. Supp. 3d at 681 (citing 18 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of Title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.").

MEMORANDUM DECISION AND ORDER - 4

remedies before requesting relief from the Court. Sierra references communications with the Warden of his facility, but those documents do not contain any compassionate release topics; instead, each addressed his request for FSA time credit. *See* Dkt. 439-1, at 33–34.

As the movant, Sierra bears the burden of establishing eligibility for relief, including compliance with the statute's exhaustion prerequisite. *See United States v. Grummer*, 519 F. Supp. 3d 760, 762 (S.D. Cal. 2021). He has not done so. Because the Government has properly invoked exhaustion and the record demonstrates Sierra's administrative correspondence concerned First Step Act credits—not compassionate release—the Court must enforce § 3582(c)(1)(A)'s mandatory requirement and deny the motion without reaching the merits.

If Sierra wishes to seek compassionate release, he must first submit a proper request to his warden seeking that specific relief, allow 30 days to lapse or fully exhaust the administrative appeals process, and then file a renewed motion demonstrating compliance with the statute. Until then, his Motion is DENIED.

### 3. Motion to Appoint Counsel (Dkt. 448)

Lastly, Sierra requests legal counsel to help him obtain the transcript from his sentencing hearing. As the Court previously explained, there is no constitutional right to appointed counsel in post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("The right to appointed counsel extends to the first appeal of right, and no further."). Instead, the decision whether to appoint counsel in post-conviction proceedings rests with the discretion of the district court. *United States v. Harrington*, 410 F.3d 598, 600 (9th Cir. 2005). The Court finds no reason to appoint counsel in this case.

Sierra does not need counsel to request the transcript—at least in this circumstance. Because enough time has passed and transcript fees are no longer required, the Court will simply send a copy of the transcript to Sierra. This Motion is DENIED.

## IV. ORDER

The Court HEREBY ORDERS:

1. Sierra's Motion to Reduce Sentence (Dkt. 427) is DENIED as none of the 2025 Amendments apply to him.

2. Sierra's Motion for Compassionate Release (Dkt. 439) is DENIED for failure to exhaust.

3. Sierra's Motion to Appoint Counsel (Dkt. 448) is DENIED as unnecessary.

4. The Clerk of the Court will send a copy of Dkt. 403—the transcript from the sentencing hearing—to Sierra.

DATED: April 7, 2026

David C. Nye
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 6